IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN ANAYA,

    **Plaintiff,**

    v.                                       CASE NO. 25-3122-JWL

(fnu) HUDSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is currently incarcerated at FCI-Beckley in Beaver, West Virginia, but his claims arose during his detention at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). The Court granted Plaintiff leave to proceed in forma pauperis. On September 2, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 11).

Plaintiff alleges that he was repeatedly subjected to excessive force, denied medical attention, and otherwise mistreated at FCIL beginning on March 29, 2023, and continuing through October, 2023. *See* MOSC, Doc. 7, at 1-7. Plaintiff names 64 defendants, all staff at FCIL. Plaintiff seeks relief in the form of $20 million or $10 million and immediate release.

The Court found in the MOSC that Plaintiff has not shown that a *Bivens* remedy is available for his claims and that his claims are barred by the statute of limitations.

In his response, Plaintiff first argues that the limitations period should be tolled because he was "in transit" for a portion of the time, he suffered from "severe mental illness," and Bureau of

1

Prisons personnel made it difficult for him to exhaust his administrative remedies.

State law governs the length of the limitations period and tolling issues for both § 1983 and *Bivens* actions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (citation omitted). Kansas recognizes the doctrine of equitable tolling. *Matter of Bell*, 529 P.3d 153, 157 (Kan. 2023). The Kansas Supreme Court ("KSC") explained in *Bell* that "[u]nder certain circumstances, 'equitable estoppel can be applied to bar a party from relying on the defense of the statute of limitations.'" *Bell*, 539 P.3d at 157 (quoting *Rockers v. Kansas Turnpike Authority*, 991 P.2d 889 (1999). The burden is on the party claiming application of equitable estoppel. *Id*. That party must show that another party induced it to believe certain facts existed, by action or silence; it rightfully relied and acted on such belief; and it would be prejudiced if the other party were allowed to deny the existence of such facts. *Id*. The KSC also noted that equitable tolling under federal law requires a plaintiff to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (quoting *Holland v. Florida*, 560 U.S. 631, 645-46 (2010)). The KSC then applied both tests to the question of whether equitable tolling applied to toll the statute of limitations in a state wrongful conviction action. *Id.* at 154.

Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this civil rights action or that despite pursuing his rights diligently, some "extraordinary circumstances" prevented the timely filing. *Dartez v. Peters*, Case No. 15-3255-EFM-DJW, 2018 WL 1138282, at *6 (D. Kan. March 2, 2018) (citation omitted). Extraordinary circumstances that could warrant equitable tolling include "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her

2

rights." *Farhat v. United States*, No. CIV-19-401-SPS, 2020 WL 5751618, at *4 (E.D. Okla. Sept. 25, 2020) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012); *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001)).  Plaintiff's asserted bases for equitable tolling do not demonstrate an extraordinary circumstance that would entitle him to toll the limitation period.

However, even if Plaintiff had established a basis for equitable tolling of the statute of limitations, it would not matter because Plaintiff has not shown that he may bring his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 288 (1971). Thus, Plaintiff has failed to show that a cause of action exists for his claims.

"Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024) (citation omitted). Rather, they generally are "invoked defensively in cases arising under other sources of law or asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *Id.*  Section 1983 states, in relevant part:

> Every person who, under color of any statute . . . of any State or Territory or the District of Columbia, subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, *shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress* . . . .

42 U.S.C. § 1983 (emphasis added).

By this language, "[s]ection 1983 allows an individual to sue a government actor in his individual capacity for violating her constitutional rights and recover money damages from resulting injuries that the actor caused by his violation." *Cuervo v. Sorenson*, 112 F.4th 1307, 131-14 (10th Cir. 2024).  In other words, 42 U.S.C. § 1983 creates a cause of action or a right of action for an individual whose constitutional rights are violated by someone acting under color of state

3

law. In addition, state law sometimes provides a cause of action for enforcement of constitutional rights. *See DeVillier*, 601 U.S. at 292-93 (holding that Texas state law provides a cause of action by which landowners could seek compensation owed to them under the Takings Clause of the Fifth Amendment to the United States Constitution).

Prior to *Bivens*, there was no private federal right of action available for an individual whose Fourth Amendment rights had been violated by *federal* agents acting under color of their *federal* authority. Put another way, before *Bivens* was decided in 1971, an individual had no right to sue in federal court a federal agent who, while acting under color of federal law, violated the individual's constitutional rights. In *Bivens*, the United States Supreme Court "created a cause of action against federal agents for a violation of the Bill of Rights." *See Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024); *see also Mohamed v. Jones*, 100 F.4th 1214, 1229 (10th Cir. 2024) ("When the Supreme Court decided *Bivens*, it created a claim for constitutional violations by federal officials."). The *Bivens* Court held that a person whose complaint asserted that his Fourth Amendment rights were violated by federal agents acting under color of federal authority "state[d] a cause of action" and therefore that person was "entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Bivens*, 403 U.S. at 397. By so holding, the Supreme Court "implied" a federal cause of action. *See Mohamed*, 100 F.4th at 1229.

As explained in the MOSC, more recent decisions from the Supreme Court have severely curtailed the recognition of "a *Bivens* cause of action" and have, in essence, prohibited its expansion beyond certain specific contexts, none of which exist here. (Doc. 7, p. 12-16.) Therefore, unless Plaintiff can identify another legal basis that gives him the right to seek relief

4

for the violation of his constitutional rights by the Defendant federal agents, he may not pursue the claims he asserts in this action.

In his response, Plaintiff asks to supplement his Complaint to "add to [his] Bivens claim" a Monell claim, Eighth Amendment violation, First Amendment violation, Fourteenth Amendment violation, and a civil conspiracy claim. (Doc. 11, at 3.) He also mentions the PREA (Prison Rape Elimination Act). *Id.* The additional constitutional claims do not help Plaintiff because they would also need to be brought through a *Bivens* cause of action, which is unavailable. Likewise, a conspiracy claim would allege a conspiracy to violate Plaintiff's constitutional rights, which would also need *Bivens* to provide a cause of action. A *Monell* claim is not applicable as Plaintiff does not seek to hold a municipality liable under § 1983 for a constitutional violation (*see City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989)), and the PREA does not provide a private right of action (*see Haffner v. Geary Cty. Sheriff's Dep't*, No. 18-3247-SAC, 2019 WL 1367662, at *4 (D. Kan. Mar. 26, 2019) (citations omitted) (collecting cases)). Nothing cited by Plaintiff gives him the legal right to sue federal officials for the violation of his constitutional rights.

The majority of Plaintiff's response reiterates the factual basis for his claims and continues to argue that the defendants violated several of his constitutional rights. The Court acknowledges Plaintiff's frustration, but even taking all of his factual allegations as true, Plaintiff has not shown that he has a cause of action by which to bring these claims. Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. Thus, this case must be dismissed for failure to state a claim on which relief can be granted.

Plaintiff has also filed a "Motion Seeking Leave for Extension of Time on Filing" (Doc. 10), seeking "an extension of time for the filing of this case." *Id.* He asserts that the statute of limitations should be equitably tolled. *Id.* Because the Court considered and rejected this

argument above, the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Leave for Extension of Time on Filing (Doc. 10) is **denied.**

**IT IS SO ORDERED**.

**Dated October 28, 2025, in Kansas City, Kansas.**

>  **S/ John W. Lungstrum**
>  **JOHN W. LUNGSTRUM**
>  **UNITED STATES DISTRICT JUDGE**