IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN ANAYA,

    **Plaintiff,**

    v.                          CASE NO. 25-3122-JWL

(fnu) HUDSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although Plaintiff is currently incarcerated at FCI-Beckley in Beaver, West Virginia, his claims are based on events occurring during his detention at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). On September 2, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a response (Doc. 11), and on October 28, 2025, the Court entered a Memorandum and Order (Doc. 12) ("M&O") dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's "Motion to Re-Open and Amend" (Doc. 14) filed on November 25, 2025.

Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because Plaintiff's motion was filed within 28 days of the entry of the judgment, the Court will treat Plaintiff's motion to re-open as a motion under Rule 59(e).

1

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff asks the Court to re-open his case and to allow him to supplement his Complaint. He makes four arguments for why his motion should be granted. First, he argues that he was unable to exhaust his administrative remedies because the remedies were unavailable or attempting to exhaust was futile. Plaintiff asks the Court to waive the exhaustion requirement. However, the Court did not dismiss this matter on the basis of failure to exhaust.

Next, Plaintiff argues, for the first time, that "negligence by and through all Defendants is a valid claim." (Doc. 14, at 2.) Plaintiff is not correct; negligence is not a valid claim in a *Bivens*

or § 1983 action because factual allegations of merely negligent conduct do not state a constitutional claim. *See Daniels v. Williams*, 474 U.S. 327, 328–31 (1986). "A federal prisoner's claim of negligence by federal prison officials is only cognizable as a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680." *Davis v. Ms. Star*, No. 24-CV-00614-LTB-RTG, 2024 WL 6474462, at *3–4 (D. Colo. Dec. 4, 2024), *report and recommendation adopted sub nom. Davis v. Star*, No. 24-CV-00614-LTB-RTG, 2025 WL 2382655 (D. Colo. Jan. 22, 2025).

Plaintiff did not previously bring a negligence claim, a claim under the FTCA, or claims under 42 U.S.C. § 1985(3) and § 1986. He may not raise new claims at this point. Motions to alter and amend are "not appropriate to . . . advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Moreover, § 1985 deals with conspiracies to interfere with civil rights. *See* 42 U.S.C. § 1985. Plaintiff's bald allegation of a conspiracy is insufficient to state a claim. Plaintiff fails to assert factual allegations in support of his claim. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff has previously made many allegations but has provided no factual information to demonstrate an agreement was made between anyone. Such conclusory allegations fail to state a plausible claim for relief.

Section 1986 provides for liability for damages if a person has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses

3

so to do . . . ." 42 U.S.C. § 1986.  Thus, "the § 1986 claim is dependent upon the existence of a valid claim under § 1985."  *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (citations omitted); *see also Cline v. Utah*, 2020 WL 2476168, at *2 (D. Utah May 13, 2020) ("Without a valid claim under § 1985, Plaintiffs' § 1986 claim similarly fails."); *Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) (because plaintiff failed to allege a plausible claim for relief under § 1985(3) "his claims under § 1986 also fail").  As stated above, Plaintiff's claim under § 1985 fails and therefore his § 1986 claim also fails.

Furthermore, any claims under § 1985 or § 1986 would be barred by the same statute of limitations that bars Plaintiff's claim under *Bivens*, as explained in the MOSC.

Last, Plaintiff's argument that the defendants engaged in criminal conduct is to no avail.  Criminal statutes generally do not create a private right of action.  *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." (internal citation and quotation omitted)).

Plaintiff's motion also rehashes the same issues that were raised and rejected previously in this case.  Motions to alter and amend are "not appropriate to revisit issues already addressed." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  He has not demonstrated an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its October 28, 2025 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Re-Open and Amend (Doc. 14) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

Dated December 10, 2025, in Kansas City, Kansas.

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
